DAVID CURTIS,

    Plaintiff

v.                               CIVIL NO. JKB-13-2327

SPACESAVER SYSTEMS, INC., *et al.*,

    Defendants

## MEMORANDUM

### *I. Background*

David Curtis filed this case against Spacesaver Systems, Inc. ("Spacesaver"), and Amy Schmidt Hamilton, chief executive officer of Spacesaver, alleging a failure to pay wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.* (LexisNexis 2008) and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. § 3-501 *et seq.* (Compl., ECF No. 1.) Curtis alleged that since August 9, 2010, he was compensated exclusively on a commission basis pursuant to a written agreement entered into on March 9, 2000, that Spacesaver unilaterally changed his compensation in contravention to the written agreement, and that Spacesaver's underpayment of his commissions violated the above-listed statutes. (Compl. ¶¶ 13-14, 18, 20, 21.) Defendants Spacesaver and Hamilton filed simultaneously their answer to the complaint and a motion to dismiss for failure to state a claim for relief. (ECF Nos. 5 & 6.) The motion has been thoroughly briefed (ECF Nos. 10, 11, 16),

and no hearing is necessary, Local Rule 105.6 (D. Md. 2011). It will be granted in part and denied in part.

## II. Standard for Decision on Motion

Preliminarily, the Court notes that Defendants' motion should have been filed as a motion for judgment on the pleadings under Federal Rule of Civil Procedure 12(c) because it was filed simultaneously with the answer and because a motion under Rule 12(b)(6) may only be filed *before* an answer is filed. *See Walker v. Kelly*, 589 F.3d 127, 139 (4th Cir. 2009). However, since a motion under Rule 12(c) is analyzed under the same standard as one under Rule 12(b)(6), the Court will treat the motion as one under Rule 12(c). *Id.*

A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Facial plausibility exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. An inference of a mere possibility of misconduct is not sufficient to support a plausible claim. *Id.* at 679. As the *Twombly* opinion stated, "Factual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. at 555. "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' . . . Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557). Although when considering a motion to dismiss a court must accept as true all factual allegations in the complaint, this principle does not apply to legal conclusions couched as factual allegations. *Twombly*, 550 U.S. at 555.

*III. Analysis*

Defendants seek to have the second count in Curtis's three-count complaint dismissed in its entirety and also seek a partial dismissal of the third count. Curtis concedes the second count must be dismissed (Pl.'s Opp'n 2, ECF No. 10), and Defendants' motion will be granted as to Count II.

In Count III, Curtis alleges that Spacesaver failed to compensate him for the commissions he earned according to the terms and conditions of the written agreement between them.[1] (Compl. ¶ 51.[2]) Curtis alleges Spacesaver's action constitutes a violation of the MWPCL. The one provision in the MWPCL that seems to apply to Curtis's case is the failure to pay "all wages due for work that the employee performed before the termination of employment, on or before the day on which the employee would have been paid the wages if the employment had not been terminated." Md. Code Ann., Lab. & Empl. § 3-505(a). The MWPCL defines wages as including commissions. Section 3-502(c). Section 3-505(a) may be read as requiring the payment of *all* wages due, not just those earned in the pay period immediately prior to termination. Consequently, alleged failure to pay the unpaid commissions by the end of the pay period corresponding to Curtis's termination on July 31, 2013, constituted a violation of the MWPCL as of approximately two weeks after the termination date.[3] Section 3-507.2 (LexisNexis Supp. 2013) (permitting former employee to file suit for unpaid wages if two weeks

---

[1] Curtis also alleges that Defendants failed to compensate him for the overtime pay they owed him (Compl. ¶ 50), but that allegation seems premised upon the allegations of now-dismissed Count II to the effect that Defendants violated the MWHL by failure to pay overtime. Count III is properly narrowed to an alleged violation of the MWPCL based solely on unpaid commissions.

[2] Plaintiff's complaint erroneously reused paragraph numbers 46, 47, and 48 from Count II to Count III instead of numbering all paragraphs consecutively. Because Count II is being dismissed, Plaintiff will not be required to refile a corrected complaint.

[3] The frequency and timing of pay periods is not alleged in the complaint.

3

have elapsed since established payday for work encompassing time period of employee's termination).

Spacesaver argues unpersuasively that the statute of limitations has run on Curtis's MWPCL claim. It contends that if Spacesaver breached Curtis's employment agreement with respect to payment of commissions, it did so on February 1, 2009, when Spacesaver announced a different commission structure would apply to Curtis's work. Thus, every underpayment on or after February 1, 2009, constituted a breach as of February 1, 2009. Consequently, Defendants assert, since a three-year limitations period applies in Maryland to actions for breach of contract, Curtis's suit is barred because it was filed on August 9, 2013, rather than by February 1, 2012. (Defs.' Mot. 6.)

The Court notes that other cases have applied a limitations period of three years and two weeks to MWPCL cases, with the operative date for accrual of the cause of action being the date the employer should have paid the wage, and have treated each underpayment as a new event triggering the MWPCL rather than treating subsequent underpayments as dating to the initial underpayment. *Butler v. VisionAIR, Inc.*, 385 F. Supp. 2d 549, 554-55 (D. Md. 2005); *Higgins v. Food Lion, Inc.*, 197 F. Supp. 2d 364, 367 (D. Md. 2002). The undersigned concurs with the analysis of the *Butler* and *Higgins* cases, which allowed the respective plaintiffs to claim any wage due within three years and two weeks of the filing of the complaint. Since Curtis has limited his MWPCL claim to commissions due on or after August 9, 2010, his claims fall within the limitations period and are viable. Defendants' only other argument for dismissal of Count III suggests Curtis is contending that Defendants failed to comply with the MWPCL's notice requirement regarding changes in wages (Defs.' Mot. 6), but the complaint cannot be fairly read

4

as advancing such an allegation and Curtis expressly disclaims reliance on such a theory (Pl.'s Opp'n 6-7, ECF No. 10).

In their reply, Defendants assert for the first time that the parties agreed to modify the written employment agreement, but their assertion is necessarily based on facts that will not properly come before the Court unless and until they are presented as admissible evidence in support of dispositive motions following the close of discovery. This argument is not properly made on a motion for judgment on the pleadings.

## IV. Conclusion

Count II, by concession of Plaintiff, lacks merit and will be dismissed. Count III is not barred by the statute of limitations. A separate order will issue to reflect the rulings made here and will be followed by correspondence with counsel to set a schedule in the case.

DATED this 30 day of December, 2013.

BY THE COURT:

/s/ James K. Bredar

James K. Bredar
United States District Judge